THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RALPH MORRISSEY, as Executor of the :
Estate of Kathleen Healy a/k/a :
Kathleen Morrissey, deceased, *et al.*, :
                                                                          :
                         Plaintiffs, :
v.                                                         :    3:19-CV-894
                                                          :    (JUDGE MARIANI)
GCMC GEISINGER COMMUNITY :
MEDICAL CENTER, *et al.*, :
                                                          :
                       Defendants. :

## MEMORANDUM OPINION

### I. INTRODUCTION

The above-captioned action was removed from the Court of Common Pleas for Lackawanna County on May 24, 2019, on the basis of diversity jurisdiction. (Doc. 1). Plaintiff's[1] Complaint (Doc. 1-1), arising out of the medical treatment and death of Kathleen M. Morrissey, asserts state law claims of Negligence against Geisinger Community Medical Center (Count I), The Wright Center for Community Health (Count II), Dr. Paul Dubiel (Count III), Dr. Haitham Abughnia (Count IV), and Dr. Saurabhkumar Vadilal Patel (Count V). The Complaint further asserts state law claims of Corporate Negligence against Geisinger Community Medical Center (Count VI) and Wrongful Death (Count VII), Survival

---

[1] The Court refers to Plaintiff in the singular where Plaintiff's counsel's filings uniformly do so. However, the Court recognizes that it is both Ralph Morrissey, as executor of the estate of Kathleen Morrissey, and Ralph Morrissey in his own right, who are the plaintiffs in this matter.

Action (Count VIII), and Negligent Infliction of Emotional Distress (Count IX) against all Defendants.

Trial in this matter on Counts I, II, and IV-IX is scheduled to commence on January 31, 2022.[2]

Presently before the Court is the "Motion *in Limine* of Defendants, Saurabhkumar Vadilal Patel, M.D. and the Wright Center for Graduate Medical Education to Preclude Plaintiff's Expert from Offering Legal Conclusions" (Doc. 99).

## II. STANDARD OF REVIEW

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F.Supp.3d 402, 406 (E.D. Pa. 2017). A court may exercise its discretion to rule in limine on evidentiary issues "in appropriate cases." *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). Nevertheless, a "trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." *Tartaglione*, 228 F.Supp.3d at 406.

Further, while motions in limine may serve as a useful pretrial tool that enables more in-depth briefing than would be available at trial, a court may defer ruling on such motions "if

---

[2] Count III of Plaintiff's Complaint alleges a claim of Negligence against Dr. Paul Dubiel. Because Dr. Dubiel was dismissed with prejudice on December 2, 2021 (*see* Doc. 94), this claim is no longer extant.

2

the context of trial would provide clarity." *Frintner v. TruePosition*, 892 F.Supp.2d 699, 707 (E.D. Pa. 2012). Indeed, "motions in limine often present issues for which final decision is best reserved for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997). Thus, certain motions, "especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context." *Leonard v. Stemtech Health Scis., Inc.*, 981 F.Supp.2d 273, 276 (D. Del. 2013). *See also*, *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 387 (2008) ("Relevance and prejudice under Rules 401 and 403 are determined in the context of the facts and arguments in a particular case, and thus are generally not amenable to broad *per se* rules."). Moreover, "*pretrial* Rule 403 exclusions should rarely be granted. . . . [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (emphasis in original).

Finally, it is important to note that "in limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

### III. ANALYSIS

Defendants' motion *in limine* requests that Plaintiff's expert Dr. Emil Hayek be precluded from offering legal conclusions, including describing Dr. Anurag Bajaj's care and

conduct as "reckless." (Doc. 99). Although Plaintiff does not dispute that an expert may not offer legal conclusions, he argues that Dr. Hayek's use of the words "gross" and "reckless" in his expert Report are being offered for their "common sense meaning" and not in an attempt to usurp the province of the Judge or jury. (*See* Doc. 112).

Pursuant to Federal Rule of Civil Procedure 704, "[a]n opinion is not objectionable just because it embraces an ultimate issue." Fed. R. Civ. P. 704(a). As explained by the Third Circuit,

> The District Court has discretion to determine whether expert testimony will help the trier of fact. *United States v. Agnes*, 753 F.2d 293, 303 (3d Cir. 1985), *abrogated on other grounds by Smith v. Borough of Wilkinsburg*, 147 F.3d 272 (3d Cir. 1998). In utilizing that discretion, however, the District Court must ensure that an expert does not testify as to the governing law of the case. Although Federal Rule of Evidence 704 permits an expert witness to give expert testimony that "embraces an ultimate issue to be decided by the trier of fact," an expert witness is prohibited from rendering a legal opinion. *United States v. Leo*, 941 F.2d 181, 195-96 (3d Cir. 1991). Such testimony is prohibited because it would usurp the District Court's pivotal role in explaining the law to the jury. *First National State Bank v. Reliance Elec. Co.*, 668 F.2d 725, 731 (3d Cir. 1981) (per curiam).

*Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 217 (3d Cir. 2006).

Here, the Court must await Dr. Hayek's testimony at trial. Although the parties properly agree that Dr. Hayek is precluded from offering legal conclusions, it is not clear that Dr. Hayek's statements are currently offered as such. Nonetheless, the Court emphasizes that while testimony which uses words that do not carry a specialized legal meaning is more likely to be admissible, *see* 4 Weinstein & Berger, Weinstein's Federal Evidence, § 704.04[1] (Joseph M. McLaughlin, ed., Matthew Bender 2d ed. 2006), courts commonly hold

4

that phrases that constitute legal terms of art cannot be the subject of expert testimony. See e.g., Flickinger v. Toys R Us-Del., Inc., 492 F.App'x 217, 224 (3d Cir. 2012) (affirming District Court's exclusion of paragraphs of expert report which offered legal opinions by using the terms "exclusive control", "dangerous condition", "substantial cause", and "negligence"). The parties' expert witnesses, including Dr. Hayek, must be cautious not to attempt to apply these legal terms of art to their testimony at trial. Although Plaintiff's argument that Dr. Hayek's use of the words "reckless" and "grossly negligent" are meant only in their "common sense meaning" is questionable, because on the present record it is unclear whether Dr. Hayek's use of these words constitutes an attempt to invade the province of the Court and jury, the Court will deny Defendants' motion without prejudice. Rather, the Court must await the presentation of Dr. Hayek's testimony at trial and evaluate the context within which the words are used. If, at trial, the context of Dr. Hayek's testimony, together with any subsequent questions posed to Dr. Hayek, leads Defendants to believe that Dr. Hayek is attempting to offer legal opinions in violation of the Rules of Evidence or the case law interpreting them, then such objections may be raised and will be ruled upon at that time.[3]

---

[3] Nothing in this opinion precludes Plaintiff from presenting expert testimony that any of the Defendant-physicians or those physicians whose conduct may be attributable to Defendants Geisinger or The Wright Center on a *respondeat superior* basis breached the standard of care which was applicable to each of them.

## IV. CONCLUSION

For the forgoing reasons, the "Motion *in Limine* of Defendants, Saurabhkumar Vadilal Patel, M.D. and the Wright Center for Graduate Medical Education to Preclude Plaintiff's Expert from Offering Legal Conclusions" (Doc. 99) will be denied without prejudice, to be reasserted by timely objection at trial should a party believe that a witness is attempting to offer one or more legal opinions. A separate Order follows.

    						Robert D. Mariani
    						United States District Judge